UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **Romero** | **Civil Action No. 6:15-cv-01988** |
| **versus** | **Magistrate Judge Carol B. Whitehurst** |
| **ABC Insurance Co, et al** | **By Consent of the Parties** |

### MEMORANDUM RULING AND ORDER

Before the Court is Defendant Nabors Offshore Corporation's Motion To Dismiss this matter pursuant to Federal Rules of Civil Procedure 16(f), 37(d), and 41(b). [Rec. Doc. 50].  Based on Plaintiff, Roddy Romero's, repeated failure to comply with the Orders of this Court, as evidenced by the following, Defendant's Motion will be GRANTED and this action will be DISMISSED WITH PREJUDICE.

### *I. Procedural Background*

On July 1, 2015, Plaintiff filed his Complaint. Plaintiff alleged that he sustained personal injuries related to an incident that purportedly occurred on or about July 5, 2014. *R. 1*.

On September 16, 2015, Defendant, Energy XXI GOM, LLC ("Energy XXI"), filed its Answer. *R. 6*. On January 28, 2016, Plaintiff perfected service of the lawsuit on Defendant Nabors Offshore Corporation ("Nabors"). *R.17; 51-1, Exh. A, Proof of Service*. On February 17, 2016, Nabors filed its Answer. *R. 18*.

On March 3, 2016, the Court entered a Scheduling Order establishing the

pretrial deadlines in this matter. *R. 21*.

On April 7, 2016, Nabors propounded interrogatory and production requests upon Plaintiff. In its cover letter, counsel for Nabors also requested to schedule the deposition of Plaintiff and asked for dates during the months of June and July 2016 for this purpose. *R. 51-2, Exh. B*.

On April 25, 2016, the Court stayed the lawsuit as a result of the Notice of Bankruptcy filed by Energy XXI. The Court further instructed the parties to confer as to whether the stay should extend to Nabors as well. *R. 24*.

On May 26, 2016, Plaintiff's counsel advised the Court that the parties had agreed the stay did not apply to Nabors. *R. 51-3, Exh. C*.

On June 14, 2016, counsel for Nabors forwarded email correspondence to Plaintiff's counsel inquiring as to the status of its outstanding discovery requests. *R. 51-4, Exh. D*.

On July 5, 2016, counsel for Nabors again forwarded email correspondence to Plaintiff's counsel inquiring as to the status of its outstanding discovery requests. Also, counsel again requested to schedule the deposition of Plaintiff, suggesting July 27, 2016 for this purpose. *R. 51-5, Exh. E*.

On July 6, 2016, counsel for Nabors again inquired as to the status of its outstanding discovery requests, as well as to the scheduling of Plaintiff's deposition. *R. 51-6, Exh. F.*

On August 3, 2016, counsel for Nabors inquired for a fourth time as to the status of its outstanding discovery requests, as well as requested to schedule Plaintiff's deposition during the week of September 26, 2017. *R. 51-7, Exh. G.*

On August 10, 2016, counsel for Nabors requested to conduct a Rule 37.1 teleconference in an effort to amicably resolve the issue as to its outstanding discovery requests and its requests to schedule the deposition of Plaintiff. *R. 51-8, Exh. H.*

On August 15, 2016, counsel for the parties conducted a Rule 37.1 teleconference, wherein counsel for Plaintiff agreed to respond to Nabors' outstanding discovery requests by August 29, 2016 and to tentatively schedule Plaintiff's deposition for September 28, 2016. Thereafter, on August 26, 2016, counsel for Nabors inquired whether the deposition had in fact been confirmed. *R. 51-9, Exh. I.*

On September 7, 2016, counsel for Plaintiff filed a Motion for Leave, wherein he sought to withdraw as counsel for Plaintiff. *R. 29.*

On September 8, 2016, the Court issued an Order scheduling a telephone

conference on September 16, 2016. The Court instructed counsel for Plaintiff to forward a copy of the Order to Plaintiff via certified mail, return receipt requested, as well as to contact Plaintiff via telephone. The Order further cautioned Plaintiff, "In the event that the plaintiff fails to attend the telephone conference, this case, if appropriate, may be dismissed with prejudice." *R. 31*.

On September 16, 2016, the Court conducted a telephone conference with counsel for both parties. Plaintiff refused to attend the telephone conference, however, despite having been contacted several times by Plaintiff's counsel and advised of the possible ramifications if he failed to so attend. The Court granted Plaintiff's counsel's motion to withdraw and scheduled an in-person rule to show cause hearing for September 29, 2016. The Court stated:

> **Plaintiff is required to attend the hearing** and to show cause why this case should not be dismissed with prejudice for Plaintiff's failure to attend the September 16 telephone conference.

The Court further ordered the Clerk of Court to serve Plaintiff with a copy of the Order setting the Rule to Show Cause via Certified Mail, return receipt requested. *R. 34; 35*.

On September 28, 2016, the Rule to Show Cause hearing was continued to October 3, 2016, at the request of Plaintiff. *R.37.*

On October 3, 2016, the Court conducted a Rule to Show Cause hearing,

wherein Plaintiff was present. As a result of the hearing, the Court granted Plaintiff until November 3, 2016 to either find new counsel or to advise the Court that he would be proceeding *pro se*. The Court further stayed the scheduling order and suspended all deadlines during this thirty (30) day period. *R. 39*.

On January 6, 2017, the Court issued an Order scheduling a second Rule to Show Cause hearing for January 18, 2017. The Court ordered that Plaintiff would be required to show cause why his case should not be dismissed for his failure to comply with the Court's order, that is his failure to advise the Court how he intended to proceed with the lawsuit. Once again, the Court stated:

> **Plaintiff is required to attend the hearing** and to show cause why this case should not be DISMISSED WITH PREJUDICE for his failure to comply with the Court's orders.

The Court again ordered the Clerk of Court to serve Plaintiff with a copy of the Order setting the Rule to Show Cause via Certified Mail, return receipt requested. *R. 44*.

On January 18, 2017, the Court conducted a second Rule to Show Cause hearing, with Plaintiff again being present. During this hearing, Plaintiff advised that he had not retained new counsel. The Court advised Plaintiff that he was now representing himself *pro se*. the Court lifted the stay and reinstated the April 3, 2017 trial date and the March 22, 2017 pretrial conference. The Court instructed Nabors to resubmit its prior discovery requests directly upon Plaintiff by January 19, 2017,

and instructed Plaintiff, " **to answer the discovery questions and return his completed answers to the defendant within 30 days of receiving the Discovery Requests**." The Court further ordered that Plaintiff's deposition was "**to be taken on a mutually agreeable date in February 2017**." Finally, the Court again cautioned Plaintiff,

> **any further violations by Mr. Romero of this Court's orders may result in this action being dismissed with prejudice**.

*R. 49.*

On January 18, 2017, counsel for Nabors forwarded its prior interrogatory and production requests to Plaintiff via certified mail, return receipt requested. In addition to the discovery requests, counsel also included a cover letter which requested to schedule Plaintiff's deposition for February 20, 2017 in Lafayette, Louisiana, the situs of the lawsuit. This correspondence was mailed to Plaintiff's address on the Court's docket sheet—the same address at which Plaintiff had received prior Court correspondence. *R. 51-10, Exh. J.*

On February 8, 2017, counsel for Nabors learned via the U.S. Post Office's website that the January 18, 2017 cover letter with discovery requests had yet to be delivered to Plaintiff. *R. 51-11, Exh. K.*

On February 8, 2017, counsel for Nabors prepared a second cover letter with

multiple attachments, which was then personally served upon Plaintiff via process server on February 9, 2017. Counsel again provided Nabors' prior interrogatory and production requests in this package, and also noticed the deposition of Plaintiff for February 20, 2017 in Lafayette, Louisiana. Counsel further advised Plaintiff that if he was unavailable on February 20th, that the deposition could be rescheduled for another date in February. Counsel provided his telephone contact information should a change be requested. *R. 51-12, 51-13, Exhs. L, M.*

On February 20, 2017, Plaintiff's deposition was to have commenced at 10:00 a.m. in Lafayette, Louisiana. Counsel for Nabors waited until 10:45 a.m. to create a *proces verbal* to memorialize Plaintiff's nonattendance. Counsel stated for the record that Plaintiff had never contacted his office to reschedule the deposition as noticed, nor did Plaintiff contact either counsel's Houston office or Lafayette office (both numbers were provided to Plaintiff) on the date of the deposition to advise of any delay or need to reschedule. *R. 51-14, Exh. N.*

## *II. Law and Analysis*

Federal Rule of Civil Procedure 16(f)(1) provides for the imposition of sanctions, including sanctions authorized under Rule 37(b)(2)(A)(i)-(vii), if a party fails to obey a discovery/scheduling order. Relatedly, Rule 37(d) provides for sanctions under Rule 37(b)(2)(A)(i)-(vii) if a party fails to attend his own deposition,

fails to answer interrogatories, or fails to respond to a request for inspection. Rule 37(b)(2)(A)(v) specifically includes in such sanctions, "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(ii)(iii)(v).

Dismissal is authorized in whole or in part when the failure to comply with the court's order results from wilfulness or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply. *PHI, Inc. v. Office & Professional Employees Intern. Union*, 2009 WL 1658040, at *3 (W.D.La.,2009) (citing *Batson v. Neal Spence Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985)). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Id.* (citing *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir.1977)). Dismissal is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Id*. (citing *Batson,* 765 F.2d at 514). Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id.* Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id.*

In addition, "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure, a

district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court. *See* Fed.R.Civ.P. 41(b)[1]; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)." *Beard v. Experian Information Solutions Inc.*, 214 Fed.Appx. 459, 462, 2007 WL 178109, at *2 (5th Cir. 2007). "Pro se litigants are not exempt from compliance with the rules of procedure." *Id.* (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)). Thus, regardless of whether an individual represents himself, all parties have the responsibility to comply with court orders. While dismissal under either rule is a harsh sanction, it is nonetheless appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts. *Lopez*, 570 F.2d at 544.

The Fifth Circuit has made clear "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992), (citing *Callip v. Harris*

---

[1] Fed.R.Civ.P. 41(b) states in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court may also dismiss a case on its own motion. *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242–43 (5th Cir. 1993).

*County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985)). Thus, the Fifth Circuit has limited the court's discretion in dismissing cases with prejudice. *Berry*, 975 F.2d at 1191, citing *Price*, 792 F.2d at 474. The Fifth Circuit affirms dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191. Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

Here, because Plaintiff was *pro se*, he had no counsel to blame for his actions. *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, *1 (5th Cir. 2011). In fact, Plaintiff's counsel withdrew due to Plaintiff's failure to cooperate.[2] The record reflects that Plaintiff repeatedly failed to comply with the Court's orders, even after

---

[2] On September 16, 2016, the Court conducted a telephone conference on Plaintiff's counsel's Motion To Withdraw. Plaintiff failed to attend the conference in violation of the Court's order. *R. 34*. Plaintiff's counsel represented to the Court that he informed Plaintiff of the telephone conference and the Court's order requiring his attendance. Plaintiff's counsel further represented that Plaintiff refused to participate in the conference. *R. 34*.

several chances to comply, including the following: (1) Plaintiff's failure to participate in the telephone conference held on September 16, 2016; (2) Plaintiff's failure to advise the Court by November 3, 2016 that he had retained counsel or would proceed *pro se*; (3) Plaintiff's failure to answer and submit his discovery responses to Defendant within thirty (30) days of receiving them—Plaintiff never responded to Defendant's discovery; (4) Plaintiff's failure to accept Certified Mail containing Defendant's discovery requests and correspondence related to a mutually agreeable date for his deposition to be taken; (5) Plaintiff's failure to communicate with Defendant as to outstanding discovery pending since April 2016 and the date for his deposition to be taken, which required Defendant to serve Plaintiff via a private process server; (6) Plaintiff's failure to attend his deposition scheduled on February 20, 2017—Plaintiff's deposition has never been taken. Additionally, after Plaintiff's counsel withdrew, the trial date and Scheduling Order deadlines in this matter were stayed for four months to allow Plaintiff an opportunity to retain counsel and/or proceed *pro se*. Despite the Court's repeated and express warning that Plaintiff's failure to comply with the orders of this Court would result in dismissal of his claims, Plaintiff continued to ignore the Court's orders even after the Court reinstated the April 3, 2017 trial date. Further, the Court notes that copies of all orders were sent to Plaintiff by certified mail, *R. 31, 34, 35, 37, 44*, and that Defendant was forced to

hire a private process server to serve Plaintiff with the discovery requests and notice of his deposition after Plaintiff refused Defendant's certified mail, *R. 51-10, 51-11, 51-12, 51-13*.

Thus, after consideration of the record, this Court concludes that the delay in this case has been occasioned by Plaintiff himself and not by an attorney, and the delay caused by Plaintiff has actually prejudiced Defendant. The trial is less than three weeks away, and Plaintiff has utterly and completely failed to cooperate in discovery or give his deposition much less prepare for the upcoming trial. Thus, the Court concludes this case should be dismissed under Rule 37(d) for Plaintiff's repeated failures to comply with Court orders.

For similar reasons, dismissal under Rules 41(b) and 16(f) are also warranted. A dismissal under these rules should normally be accompanied by at least one of the following three aggravating circumstances: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *PHI*, 2009 WL 1658040 at *4. Although only one of these circumstances is needed, all three exist in this case. As found in the foregoing, each of the delays have been caused by Plaintiff himself. Likewise, Nabors has been highly prejudiced, as it has been obstructed from conducting any discovery whatsoever in this matter. Nabors submits that it "does not even know what purported injuries

Plaintiff alleges to have sustained in this matter." *R. 51*. Finally, the delays in this matter were caused entirely by Plaintiff's intentional conduct. Each of the Show Cause hearings could have been avoided by a simple telephone call to the Court.[3] This is also true for Plaintiff's failure to appear at his deposition, as he was expressly advised to call counsel for Nabors should he be unavailable to attend the deposition as noticed.

### *III. Conclusion*

Given Plaintiff, Roddy Romero's, repeated violations and apparent refusal to conform with the Court orders, dismissal of this lawsuit pursuant to Rules 37(d), 41(b) and/or 16(f) of the Federal Rules of Civil Procedure is warranted at this time. Accordingly,

**IT IS ORDERED** that this case is hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 19th day of March, 2017, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff called the Court's Courtroom Deputy to request that the September 28, 2016 Show Cause hearing be continued to October 3, 2016, which the Court granted. *R.37*.